# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## NEW BERN DIVISION

IN RE:

Stephen and Bonney Gray,

  Debtors.          Case No. 05-00922-8-JRL

### ORDER

This matter comes before the court on the debtors' Application for Approval of the Employment of an Auctioneer. A hearing was held in New Bern, North Carolina on April 4, 2005.

The debtors, Stephen and Bonney Gray, filed this application seeking the employment of Douglas M. Gurkins, of Country Boys Auction & Realty Co., Inc., for the sale of assets of the estate. The debtors propose to pay the auctioneer a commission in the amount of 6% for any private sale of assets of the debtors' estate, and 10% for any public sale of assets of the debtors' estate. The Bankruptcy Administrator objected to the proposed compensation, as in her view it would be more appropriate to compensate Mr. Gurkins in accordance with the compensation scale for auctioneers liquidating personal property in Chapter 7 cases in this district. At the hearing, Mr. Gurkins testified that this case involves numerous interested parties with property located in various places, some of which will require repair before being sold. He also persuasively described the expanded role he plays as an auctioneer in Chapter 11 reorganization proceedings as compared to Chapter 7 liquidations. The Bankruptcy Administrator conceded that the disposition of assets in this case is somewhat more complex than in a more routine Chapter 11 case. All of the parties involved seek guidance as to what the appropriate rate of commission should be for an auctioneer in a Chapter 11 case.

As an interim measure, the court adopts a presumptive rule that the auctioneer commission in a

Chapter 11 case is 8%. The 8% rate applies to both personal property and real property in both public and private sales, and is inclusive of expenses. If circumstances exist that warrant a higher commission, the parties may demonstrate to the court why, under the particular facts of that case, the commission should increase. Otherwise, the 8% rate will be deemed acceptable to the court. In this case, the court is persuaded that special facts do exist to justify the approval of the 6% and 10% commission rate that the debtors have requested. At the suggestion of the Bankruptcy Administrator, the court will refer this matter to the Local Rules Committee to determine whether the auctioneer schedule currently in effect should be revised and made applicable to Chapter 11.

**So Ordered.**

**Dated:**         **May 6, 2005**

**S/ J. Rich Leonard**
**J. Rich Leonard**
**United States Bankruptcy Judge**